IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM A. GREEN, | : |
| | : |
| Petitioner | : |
| | : CIVIL NO. 1:11-CV-1456 |
| | : |
| v. | : Hon. John E. Jones III |
| | : |
| | : |
| JOSEPH J. PIAZZA, *et al.*, | : |
| | : |
| Respondents | : |

## **MEMORANDUM**

August 23, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner William A. Green ("Petitioner" or "Green"), a pre-trial detainee who currently is confined at the Luzerne County Correctional Facility in Wilkes-Barre, Pennsylvania, initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition"). (Doc. 1.) He challenges the decision of the Magisterial District Judge following a preliminary hearing on June 8, 2011 to hold over for trial to the Court of Common Pleas of Luzerne County charges against Green of criminal trespass, possession of an instrument of crime, criminal mischief, and public drunkenness. (*Id.* at 1.) Green has filed a Motion for leave to proceed *in forma pauperis*. (Doc. 2.) For the reasons set forth herein, we shall grant Green's Motion

for the sole purpose of filing the Petition, and the Petition will be dismissed without prejudice for failure to exhaust state court remedies.

## I.     FACTUAL BACKGROUND

### A.     Green's Petition

In his Petition, Green states that he pled not guilty to the aforementioned charges. (Doc. 1 at 1-2.) He states that, after the June 8 preliminary hearing, on June 12, 2011, he filed a petition for writ of habeas corpus with the Court of Common Pleas of Luzerne County. (*Id.* at 2 ¶ 9.) He explains that, in this petition, he raises grounds of biasness of the magistrate; violation of due process; no evidence, no intent; inadmissible evidence; insufficient corroboration; no complicity; and excessive bail. (*Id.*) He claims that the petition was "denied or refused?" on June 28, 2011 by Judge Amesbury. (*Id.*)

Green also states that he has sought relief from the President Judge of the Court of Common Pleas of Luzerne County and the Luzerne County Office of Public Defender through "letters; application; video court." (*Id.* at 3-4 ¶ 11.)

Green states the following grounds for relief in the instant Petition:

    1) "Accused requested discovery- evidence- exculpatory witness and compulsory process- Rule 565 Crim. P. (*id.* at 5)

    2) "Accused denied access to court- and or due process- no hearing- no discovery/arbitarily [*sic*] & capriciously" (*id.* at 7)

      3) "Right to bail- surety- able to afford a bail for non infamous crime" (*id.* at 10);

      4) "To be represented by counsel, to withdraw waiver of counsel, to have standby counsel waiting" (*id.* at 12).

Green requests the following relief: "transport applicant to hearing, hearing for discovery or stay, crim. matter, release applicant (appoint counsel) pretrial service." (*Id.* at 17.)

### B.   *Commonwealth of Pennsylvania v. Green*, CP-40-CR-0001770-2011[1]

This Court has reviewed the above docket in the Court of Common Pleas of Luzerne County ("trial court") and ascertained the following:

Green was arrested on May 28, 2011 by Hazleton City Police and charged with criminal trespass, possession of an instrument of crime, criminal mischief, and public drunkenness. (*Commonwealth of Pennsylvania v. Green*, CP-40-CR-0001770-2011, at 1, 2.) On that date, Magisterial District Judge Joseph D. Zola set bail at $20,000.00. (*Id.* at 2.) Following a preliminary hearing on June 8, 2011, the charges against Green were held for trial in the Court of Common Pleas of Luzerne County. (*Id.*)

On June 14, 2011, Green filed a petition for writ of habeas corpus with the trial court that was sent to the Motions Judge, Judge Cosgrove, and that remains pending.

---

[1]*See* Pennsylvania's Unified Judicial System Webportal, Common Pleas Courts Docket Sheets, available at http://ujsportal.pacourts.us/DocketSheets/CP.aspx

(*Id.* at 3.)  A Criminal Information was filed on August 8, 2011.  (*Id.*)  On August 10, 2011, two (2) days after the instant Petition was filed, Green was arraigned via video from the Luzerne County Correctional Facility.  (*Id.*)  On August 11, 2011, Judge Mundy granted a reduction of Green's bail from $20,000 to $2,500.00.  (*Id.* at 2, 3.)

## II.  DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977).  *See, e.g., Mutope v. Pennsylvania Board of Probation and Parole,* 2007 WL 846559 *2 (M.D. Pa. Mar. 19, 2007) (Kosik, J.).  Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself . . . ."  *Gorko v. Holt,* 2005 WL 1138479 *1 (M.D. Pa. May 13, 2005) (McClure, J.) (quoting *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970).

It is apparent from the instant petition, and a review of the docket pertaining to Green's criminal case, that he has not yet been tried or convicted on the criminal

charges he faces in the Court of Common Pleas of Luzerne County. In fact, he had not yet been formally arraigned at the time of filing, but was arraigned on August 11, 2011 and is awaiting trial, and thus he is a pre-trial detainee. Pursuant to 28 U.S.C. § 2254, a person in state custody may file an application for a writ of habeas corpus challenging the fact or length of his or her confinement. However, this section specifically provides that the person must be in custody pursuant to the judgment of a State court. *See* 28 U.S.C. § 2254(a). Clearly, Green is not yet in custody pursuant to the judgment of a state court as he is being held while he awaits trial on charges in Luzerne County.

Nevertheless, this Court still has limited jurisdiction under 28 U.S.C. § 2241(c)(3) to issue a writ of habeas corpus in these circumstances. In pertinent part, § 2241(c)(3) provides as follows:

> (c) The writ of habeas corpus shall not extend to a prisoner unless-
>    (3) He is in custody in violation of the Constitution or laws or treaties of the United States; . . . .

28 U.S.C. § 2241(c)(3). It is under this section that district courts have jurisdiction to issue a writ of habeas corpus before judgment is rendered in a state court proceeding. *See Moore v. DeYoung*, 515 F.2d 437, 442 & n.5 (3d Cir. 1975); *see also Paladino v. King*, 247 Fed. Appx. 393, 394-95 (3d Cir. 2007) (challenges to pretrial incarceration are properly pursued in a § 2241 petition) (nonprecedential).

5

Although a petitioner is authorized to seek pre-conviction habeas relief, he still is required to exhaust state court remedies before filing a federal habeas petition. It is well-settled in the area of *post-conviction* habeas relief that, as mandated by 28 U.S.C. § 2254(b)(1)(A), a petitioner seeking federal habeas relief must demonstrate that he or she "has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 847 (1999); *Evans v. Court of Common Pleas, Delaware Cty., Pa.,* 959 F.2d 1227, 1234 (3d Cir. 1992), *cert. dismissed* 506 U.S. 1089 (1993). Although 28 U.S.C. § 2243(c)(3) does not set forth an exhaustion requirement for petitioners seeking *pre-conviction* habeas relief, an exhaustion requirement has developed through decisional law. *See Schandelmeier v. Cunningham,* 819 F.2d 52, 53 (3d Cir. 1986) ("The state court exhaustion requirement is mandated by statute under 28 U.S.C. 2254(b) and has developed through decisional law . . . as to claims brought under 28 U.S.C. § 2241.") (citing *Braden v. 30th Judicial Circuit of Kentucky*, 410 U.S. 484, 490-91 (1973)); *see also Moore*, 515 F.2d at 442 ("although there is a distinction in the statutory language of ss 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned."). "The exhaustion requirement ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights." *Caswell v. Ryan*, 953 F.2d 853, 857 (3d Cir.

1992), *cert. denied*, 504 U.S. 944 (1992).

To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim raised in the federal petition was "fairly presented" to the state courts. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). "This requires that the claim brought in federal court be the substantial equivalent of that presented to the state courts. Both the legal theory and the facts supporting a federal claim must have been submitted to the state courts." *Lesko v. Owens*, 881 F.2d 44, 50 (3d Cir. 1989), *cert. denied*, 493 U.S. 1036 (1990) (internal citations omitted).

Where state court remedies are unexhausted, as recognized by the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1981), "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." *Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dep't.,* 973 F.2d 169, 173 (3d Cir. 1992). It is only when the circumstances demonstrate that a petitioner faces the threat of suffering irreparable harm that federal court intervention will be justified. *See Dombrowski v. Pfister*, 380 U.S. 479, 482-83 (1965).

In the instant case, it is apparent that Green has not exhausted his state court remedies with respect to his claims in the first and second grounds of the instant

Petition challenging the decision of the Magisterial District Judge to hold charges over for trial following a preliminary hearing. He states that he filed a petition for writ of habeas corpus with the trial court on June 12, 2011 and that his petition either was denied or refused by Judge Amesbury of that Court on June 28, 2011. (*See* Doc. 1 at 2 ¶ 9.) However, as noted in the Factual Background section *supra*, the trial court docket reflects that the petition was forwarded to Judge Cosgrove on June 14, 2011 and remains pending. Indeed, where a criminal defendant seeks to challenge the sufficiency of the evidence presented at his preliminary hearing, he may do so by filing a petition for writ of habeas corpus. *Commonwealth v. McBride*, 595 A.2d 589, 590 (Pa. 1995). It is apparent that Green's petition has not yet been decided by the trial court, and thus he has not exhausted his state court remedies with respect to his challenges within his first and second grounds in the instant Petition to the Magisterial District Judge's decision to hold the charges against him over for trial. Moreover, Green has not demonstrated that he will suffer irreparable harm if this Court fails to intervene, *see Dombrowski*, *supra,* 380 U.S. at 482-83, particularly where he has sought relief from the trial court through the appropriate method and there is no indication that the trial court will not proceed on his petition for habeas relief, which was filed just under two (2) months before Green filed the instant Petition.

With respect to Green's challenge in his third ground of the instant Petition to

the amount of bail that was set by the Magisterial District Judge, it would appear that this claim now is moot in light of the fact that the trial court docket reflects that, on August 11, 2011, Judge Mundy granted a request for a reduction of bail and thereby reduced bail from $20,000.00 to $2,500.00. (*See Commonwealth of Pennsylvania v. Green*, CP-40-CR-0001770-2011, at 2, 3.)

Finally, with respect to Green's fourth ground asserted in the instant Petition in which he requests representation by counsel, he states that he asserted his request within his criminal proceedings on July 15, 2011 through the Luzerne County Correctional Facility's Video Court, but he does not state whether he received any response to this request. (*See* Doc. 1 at 12.) Where Green's request has not yet been disposed of, to the extent he seeks habeas relief in this Court on the basis of a claim of a denial of his right to counsel, his claim not only is unexhausted, but also premature.

Based on the foregoing, we conclude that the dismissal of Green's Petition without prejudice for failure to exhaust state court remedies is appropriate. An appropriate Order will issue on today's date.